## UNITED STATES ex rel. YEE SEE QUE v. McGREGOR, United States Marshal, et al.

### No. 69.

District Court, W. D. Pennsylvania.
Jan. 30, 1933.

William H. Coleman, of Pittsburgh, Pa., for Yee See Que.

Louis E. Graham, U. S. Atty., and Lloyd Bryan, Asst. U. S. Atty., both of Pittsburgh, Pa., for defendants.

GIBSON, District Judge.

The relator was admitted as the minor son of a Chinese merchant subsequent to the Immigration Act of 1924 (8 USCA §§ 145, 146, 166, 167, 179, 201 et seq.). He was connected with a mercantile company for several years prior to his father's death, and thereafter continued the same connection for several years. The company went out of business, and the relator, as may fairly be found from the testimony in the record of the Department of Labor, went into and worked in his brother's laundry, thus changing his actual status from that of a merchant to that of a laborer. The Department of Labor, having discovered this change of occupation, took him into custody, and, pursuant to hearing, has ordered his deportation as an unregistered Chinese laborer. Being in custody pursuant to such order, the relator has obtained a writ of habeas corpus to test the legality of his detention.

The great weight of authority, prior to the Immigration Act of 1924, was to the effect that a Chinese merchant, lawfully admitted as such, was not subject to deportation upon becoming a laborer. It is claimed on behalf of the respondent that the act of 1924 changed the rule and subjected merchants who had become laborers to deportation. Lower federal courts, with one exception called to our attention, have not acceded to this claim. In Cheung Sum Shee v. Nagle, 268 U. S. 336, 45 S. Ct. 539, 69 L. Ed. 985, it was held that the wives and minor children of resident Chinese merchants were admissible under the treaty with China of November 17, 1880 (22 Stat. 826). In so deciding the Supreme Court held, in effect, that the treaty rights of Chinese merchants had not been affected by the act of 1924. This being so, and it having been almost universally held, prior to the passage of that act, that a Chinese merchant, who had been lawfully admitted as such, was not deportable because of a change of occupation, it follows that the present relator is not legally in the custody of the Department of Labor.

His counsel has stressed the fact that relator, although lawfully admitted, was not admitted as a merchant, and having no such status at admission could not lose it by becoming a laborer. He asserts that in relator's situation no implied limitation of the treaty rights of a merchant—even if the right of a merchant to remain be confined to the period of his status as a merchant—is to be applied to him. This claim we need not consider, believing, as we do, that any alien, lawfully admitted into the United States without any definite limitation of his residence, is entitled to remain as long as he desires in the absence of conviction for crime.

The relator will be discharged from further custody. An order to that effect may be presented.